IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

4:14-CV-137-FL

| | | |
|---|---|---|
| KENNETH E. BARROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (DE 31). Defendant has responded in opposition and plaintiff has replied. In this posture the issues raised are ripe for ruling. For the following reasons, plaintiff's motion is granted, subject to the limitations set forth herein.

**BACKGROUND**

Plaintiff commenced the instant matter on August 4, 2014, seeking judicial review of the denial of his application for a period of disability and disability insurance benefits. On October 9, 2014, defendant filed an answer seeking affirmance of the decision complained of. Pursuant to the court's scheduling order, plaintiff filed a motion for judgment on the pleadings on December 8, 2014. Defendant filed a cross motion for judgment on the pleadings on January 15, 2015.

On April 10, 2015, plaintiff filed a consent motion for leave to file a supplemental brief in light of the Fourth Circuit's decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). The court granted the motion, directed plaintiff to file a supplemental brief within 15 days, and allowed

defendant 15 days thereafter to file a responsive supplemental brief. Plaintiff filed a supplemental brief on April 29, 2015, and defendant did not file a supplemental brief. Thereafter, the court referred the matter to U.S. Magistrate Judge Robert B. Jones, Jr., for a memorandum and recommendation ("M&R") on the cross motions for judgment as a matter of law.

On August 17, 2015, Judge Jones entered an M&R wherein he recommended that plaintiff's motion for judgment on the pleadings be allowed, defendant's motion for judgment on the pleadings be denied, and the case be remanded for further proceedings in accordance with sentence four of 42 U.S.C. § 405(g). Neither party filed objections to the M&R, and on September 4, 2015, the court adopted the M&R. The court entered judgment in favor of plaintiff on September 8, 2015.

On December 3, 2015, plaintiff filed the instant motion, seeking $6,618.15 in attorney's fees under the EAJA.

## DISCUSSION

A. Entitlement to Fees and Expenses

The Equal Access to Justice Act ("EAJA"), provides for an award of reasonable attorney's fees and expenses in accordance with the following provision:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was <u>substantially justified</u> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). In addition, the statute provides:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . . The party shall also allege that the position of the United States was <u>not substantially justified</u>. Whether or not the position of the United States was

substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

Id. § 2412(d)(1)(B) (emphasized). "'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." Id. § 2412(d)(2)(D).

Although the phrase "substantially justified" is not defined in the statue, the Supreme Court has interpreted the phrase to mean "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566 n.2. The phrase, thus, does not connote "'justified to a high degree,' but rather 'justified in substance or in the main.'" Id. at 565. As such, the standard is comparable to one that is "satisfied if there is 'a genuine dispute,'" or "if reasonable people could differ as to the appropriateness of the contested action." Id. "The United States has the burden of showing that its position was substantially justified." United States v. 515 Granby, LLC, 736 F.3d 309, 315 (4th Cir. 2013).

"[W]hen determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). "[M]erits decisions in a litigation, whether intermediate or final . . . obviously must be taken into account both by a district court in deciding whether the Government's position, though ultimately rejected on the merits, was substantially justified, and by a court of appeals in later

reviewing that decision for abuse of discretion." EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir. 1994).

This case presents unique circumstances where the government was substantially justified in its agency position memorialized in the Administrative Law Judge (ALJ) decision, and in the government's initial position in defending the ALJ decision, but where the government was not substantially justified in continuing its defense of the ALJ decision, following the intervening Fourth Circuit opinion in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). Looking to "the totality of circumstances," the court finds that the government did not act reasonably in maintaining its stance in the litigation following the Mascio decision. Roanoke River Basin Ass'n, 991 F.2d at 139.

In so holding, the court is guided by its merits decision in this matter, reflected in the M&R, in which the court determined that three of plaintiff's claims were without merit, whereas one claim in light of the Fourth Circuit opinion in Mascio was meritorious and required remand as a matter of law. In particular, the court determined in the M&R that remand was necessary due to the ALJ's treatment of limitations in concentration, persistence, and pace (hereinafter, the "concentration, persistence, and pace claim"):

> It is apparent from the ALJ's discussion that she believed limiting Claimant to performing simple, routine, repetitive tasks sufficiently accounted for his "mild cognitive impairment." (R. 17). Yet, while generally characterizing Claimant's cognitive impairment as "mild" (R. 1 7), the ALJ specifically found Claimant to have "moderate difficulties" in concentration, persistence and pace (R. 14) and "significant, work related mental restrictions" (R. 18). The Fourth Circuit in Mascio held, in conformity with other circuits, that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Mascio, 780 F.3d at 638 [internal quotations omitted]. . . . Thus, in light of Mascio, to the extent the Commissioner suggests a per se rule that mild or even moderate limitations are compatible with performing simple jobs, Def.'s Mem. [DE-23] at 10, such a rule is untenable and must be rejected.

> Here, despite the ALJ's findings that Claimant had the impairments of depression and cognitive disorder and "moderate difficulties" in concentration, persistence and pace (R. 13-14 ), the ALJ failed to sufficiently consider how these impairments impact Claimant's "work-related abilities on a function-by-function basis," S.S.R. 96-89, 1996 WL 374184, at *1, including the functions of "understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting," 20 C.F .R. 404.1545( c), or the ability to stay on task, Mascio, 780 F.3d 638. On remand the ALJ must explain how Claimant's mental limitations impact Claimant's "ability to perform relevant functions" and sufficiently convey Claimant's mental limitations in the hypothetical to the VE. Id. at 637-38 . . . .
>
> Accordingly, it is recommended that the case be remanded for the Commissioner to properly consider, in conformity with Mascio, Claimant's mental impairments in formulating an accurate RFC and appropriate hypothetical to the VE.

(DE 28 at 12-14). In this manner, Mascio provided a clear basis for remand on the basis of the concentration, persistence, and pace claim. (See id.). Plaintiff argued as much in part of his supplemental brief following Mascio. (See DE 27 at 3-4).

Although the government conceivably could have sought to defend its position on the merits, even following Mascio, on the basis that somehow the error was harmless or Mascio could be distinguished, the government did not do so during the course of the litigation. Nor has the government sought to defend its position on the claim following Mascio in response to the instant motion for attorney's fees. The government's failure to set forth in its response to the EAJA motion any "reasonable basis in law and fact" for its opposition to the claim following Mascio demonstrates the lack of substantial justification in its litigation position. Pierce, 487 U.S. at 566 n.2.

Accordingly, the court holds that plaintiff is entitled to an award of attorney's fees under the EAJA on the basis that the government's litigation position was not substantially justified. In so holding, however, the court emphasizes the limitations on this holding to the unique circumstances of this case. Contrary to the suggestion in plaintiff's reply brief, (DE 35 at 3-4), the court does not

find determinative to the analysis the government's silence following filing of plaintiff's supplemental brief or the government's decision not to object to the M&R. The court's analysis under the EAJA is an objective determination, looking to whether "a reasonable person could think" the government's position was correct. Pierce, 487 U.S. 566 n.2. In some instances, the government may decide not to respond to a supplemental brief or object to an M&R recommending remand, even though "a reasonable person could think [the government's position is] correct, that is, if it has a reasonable basis in law and fact." Id. In this case, however, the government has not articulated any basis in which its position on the prevailing claim, following Mascio, had a reasonable basis in law and fact. (See DE 34 at 5-6). It is this lack of basis in law and fact that permits an EAJA award in this instance, not the government's silence following plaintiff's supplemental brief or the M&R.

In sum, under these limited circumstances, the government's position was not substantially justified, and plaintiff is entitled to an award of fees and expenses under the EAJA.

B. Reasonableness of Fees and Expenses Claimed

The court's determination of plaintiff's entitlement to an EAJA fee award does not end the matter. "The district court is accorded 'substantial discretion in fixing the amount of an EAJA award,'" and "is charged with the duty to ensure that the final award is reasonable." Hyatt v. Barnhart, 315 F.3d 239, 254 (4th Cir. 2002) (quoting Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990)). "The extent of a plaintiff's success is an important factor to consider when determining the reasonableness of the fees requested." Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 440 (1983)). "Unsuccessful claims that are 'distinct in all respects' from the claims upon which the plaintiff has prevailed 'should be excluded in considering the amount of a reasonable fee.'" Id. (quoting Hensley, 461 U.S. at 440)). In addition, "[w]here a lawsuit consists of related claims, [and] . . .

where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Hensley, 461 U.S. at 440. Moreover, "fairness and reasonableness dictate that the SSA may only be held liable for attorneys' fees and expenses fairly attributable to the unjustified positions taken by the SSA." Hyatt, 315 F.3d at 254.

Other relevant factors include the novelty and complexity of the issues presented, and the experience and skill of the attorney. See Bunn v. Bowen, 637 F.Supp. 464, 469 (E.D.N.C.1986). In addition, the court must reduce compensable hours claimed if for paralegal tasks or clerical tasks normally performed by non-attorneys. See Hyatt, 315 F.3d at 255. The court now turns to application of these principles and guidelines to the fees and expenses claimed by plaintiff.

Plaintiff claims entitlement to attorney fees in the amount of $6,618.15 for 34.65 hours of attorney work at a rate of $191.00 per hour. Of the total 34.65 hours claimed, 7.9 hours were spent reviewing the administrative record and preparing and reviewing initial case filings; 18.25 hours were spent preparing an initial brief and reviewing the government's brief; 5.25 hours were spent preparing the supplemental brief; 2.35 hours were spent reviewing court orders and notices; and 2.0 hours were spent on the EAJA motion. (See DE 31-2).

The court finds that a portion of these claimed hours must be excluded for unsuccessful claims pursued or for expenses not attributable to the unjustifiable positions taken by the government. The court considers first the nature and proportion of unsuccessful claims. Plaintiff sought remand on four grounds, only one of which the magistrate judge found availing:

1. The concentration, persistence, and pace claim. (See M&R at 8-14).
2. A claim that the ALJ failed to explain her rejection of stooping and crouching limitations. (See M&R at 14-15).

3. A claim that the ALJ failed to account for plaintiff's neuropathy in the RFC determination. (See M&R at 15-17).

4. A claim that the ALJ erred in only determining disability through plaintiff's DLI. (See M&R at 17-19).

The magistrate judge determined that only the first claim was meritorious and required remand, but that the other claims lacked merit and the ALJ did not err in the manner plaintiff claimed. (See M&R at 8-19). This court adopted the M&R's determination in these respects without change. Given that claims 3 and 4 are not related to claims 1 and 2, and given that they were wholly unsuccessful, the court finds that fees claimed reasonably must be reduced in proportion to take into account these unsuccessful claims. See Hensley, 461 U.S. at 440; Hyatt, 315 F.3d at 254. Although claim 2 is not directly related to claim 1, the court will give plaintiff the benefit of an inference, advanced in plaintiff's supplemental brief, that both claims 1 and 2 were related to the issues covered by the court's ruling in Mascio.

While an exact accounting of hours spent per claim is not possible, based on the limiting principles set forth in Hyatt and Hensley, the court finds that a reduction of 50% of all categories of time (except time spent preparing the EAJA motion) is appropriate, reflecting a reduction for 2 out of 4 claims that were wholly unsuccessful and unrelated to the successful claim. Cf. Dixon v. Astrue, No. 5:06-CV-77-JG, 2008 WL 360989, at *4 (E.D.N.C. Feb. 8, 2008) (reducing counsel's time to one-third of that requested where the court remanded for one reason suggested by plaintiff but not for six other grounds advanced). A similar, if not greater, reduction would be warranted under an alternative basis for approximation, which would take into account that very few of the claimed fees were spent upon claims for which the government took an unjustifiable position.

Indeed, overall time claimed, following the date of the Mascio decision (4.35 hours), was relatively small.

In sum, the court reduces by 50% the total 32.65 itemized hours claimed by plaintiff's counsel (except time spent preparing the EAJA motion), yielding a subtotal of compensable time of 16.4 hours (rounding to nearest tenth of hour). The court adds 2 hours claimed as spent on the EAJA motion, bringing the total to 18.4 hours.[1] Next, the court removes .5 hours for one itemized entry comprising paralegal work not normally conducted by an attorney: "Review Scheduling Order – Set Diary Dates." (DE 31-2). This yields a grand total of compensable hours of 17.9 hours. Finally, the court finds the claimed hourly rate of $191.00 per hour to be reasonable.

Multiplying 17.9 hours by $191.00 equals a reasonable EAJA fee award under the circumstances of this case, in the amount of $3,418.90.

## CONCLUSION

Based on the foregoing, plaintiff's motion for attorney's fees under the EAJA is GRANTED, limited to the extent set forth herein. In particular, the court AWARDS attorney's fees under the EAJA, 28 U.S.C. § 2412(d)(1)(A), in the amount of $3,418.90.

Pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt plaintiff may owe to the United States. Defendant will determine whether plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to plaintiff and mailed to plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that plaintiff does not owe a federal debt, defendant will

---

[1] In light of the unique circumstances of the EAJA fee motion in this case, the court rejects the government's suggestion that the amount of time spent on the EAJA motion was unreasonable. In addition, the court notes that plaintiff has not separately claimed time spent for preparation of a reply in support of the motion, and the court finds that 2 hours constitutes a reasonable amount of time for the necessary briefing associated with the motion as a whole.

exercise its discretion and honor an assignment of EAJA fees (see DE 31-1), and pay the awarded fees directly to plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

SO ORDERED, this the 17th day of February, 2016.

LOUISE W. FLANAGAN
United States District Judge